# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed:  May 10, 2018

```
* * * * * * * * * * * * * *
BRIAN FELTEN,                    *      No. 15-563V
                                 *
            Petitioner,          *      Special Master Sanders
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *      Attorneys' Fees and Costs; Reasonable
AND HUMAN SERVICES,              *      Amount Requested
                                 *
            Respondent.          *
* * * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 1, 2015, Brian Felten ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that, as a result of an influenza ("flu") vaccine administered on October 24, 2012, he suffered from transverse myelitis ("TM").  Decision, ECF No. 47.  On November 14, 2017, the undersigned issued a decision awarding Petitioner compensation pursuant to the parties' stipulation.  Id.

On April 20, 2018, Petitioner submitted an application for attorneys' fees and costs.  ECF No. 53.  Petitioner requested $19,442.53 in attorneys' fees and $705.44 in costs, for a total of $20,147.97.  ECF No. 53-1 at 17-18.  Respondent submitted a Response to Petitioners' motion on May 4, 2018.  ECF No. 54.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed his Reply on May 9, 2018.  ECF No. 55.  He "respectfully request[ed] that this Court grant the application" in full. *Id.*

The undersigned has reviewed the detailed records of time and expenses of Petitioner's counsel and finds that they are reasonable.  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $20,147.97,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mark T. Sadaka, of Mark T. Sadaka, LLC.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).